John P. Flynn (#015065)
Peter J. Moolenaar (#024487)
Dioguardi Flynn LLP
7001 North Scottsdale Road, Suite 2060
Scottsdale, AZ 85253
Phone: (480) 951-8800
Fax: (480) 951-8824
jflynn@dioguardiflynn.com
pmoolenaar@dioguardiflynn.com

*Attorneys for Defendants
Amberwood Development, Inc., The
Johnson Family Trust Dated December 13, 1989,
Billy Johnson and Megan Johnson*

Mark J. Giunta (#015079)
Law Office of Mark J. Giunta
245 West Roosevelt Street, Suite A
Phoenix, AZ 85003
Phone (602) 307-0837
Fax (602) 307-0838
Email markgiunta@giuntalaw.com

*Attorney for Defendants Roll Tide, LLP,
Roll Tide, LP, Autowind Management, LLC
and DominionRock Plancor, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WESTON RANCH DEVELOPMENT, L.L.C.,<br><br>Debtor.<br>In re:<br><br>THE LANDING AT REID'S RANCH DEVELOPMENT, L.L.C.,<br><br>Debtor.<br>DAVID M. REAVES, in his capacity as Chapter 7 Trustee,<br><br>Plaintiff, | Chapter 7 Proceedings<br><br>Case No. 2:09-bk-33901-SSC<br>Case No. 2:09-bk-33903-SSC<br>(Jointly Administered)<br><br>Adv. No. 2:11-ap-02389-SSC<br><br>**DEFENDANTS' JOINT MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING IN WHOLE** |

- 1

vs.

ROLL TIDE, LLP, an Arizona limited liability partnership; ROLL TIDE LP, an Arizona limited liability partnership; AMBERWOOD DEVELOPMENT, INC., an Arizona corporation; AUTOWIND MANAGEMENT, LLC, an Arizona limited liability company; THE JOHNSON FAMILY TRUST DATED DECEMBER 13, 1989; DOMINIONROCK PLANCOR, LLC, an Arizona limited liability company; BILLY JOHNSON, an individual; and MEGAN JOHNSON; and JOHN DOES I-X,

                    Defendants.

      Defendants Roll Tide, LLP, Roll Tide LP, Autowind Management, LLC, DominionRock Plancor, LLC, Amberwood Development, Inc., The Johnson Family Trust Dated December 13, 1989, Billy Johnson and Megan Johnson (collectively "Defendants"), respectfully request the entry of an order withdrawing the reference of Adversary Proceeding No. 2:12-bk-02389 ("Adversary Proceeding") from the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court") to the United States District Court for the District of Arizona ("the District Court"), and requiring all further proceedings in the Adversary Proceeding be adjudicated in the District Court. This motion is supported by the accompanying Memorandum of Points and Authorities incorporated herein.

      RESPECTFULLY SUBMITTED this 6th day of February, 2013.

                    DIOGUARDI FLYNN, LLP

                    By /s/ John P. Flynn, Esq. (#015065)
                        John P. Flynn, Esq.
                        7001 North Scottsdale Road, Suite 2060
                        Scottsdale, AZ 85253

LAW OFFICE OF MARK J. GIUNTA

By /s/ Mark J. Giunta, Esq. (#015079)
Mark J. Giunta, Esq.
245 West Roosevelt Street, Suite A
Phoenix, AZ 85003

## **MEMORANDUM OF POINTS AND AUTHORITES**

I.   INTRODUCTION

Trustee David M. Reaves ("Trustee") filed the above captioned adversary proceeding ("Adversary Proceeding") against Roll Tide, LLP, Roll Tide LP, Autowind Management, LLC, DominionRock Plancor, LLC, Amberwood Development, Inc., The Johnson Family Trust Dated December 13, 1989, Billy Johnson and Megan Johnson (collectively "Defendants") asserting state law causes of action that include conversion, breach of fiduciary duty, conspiracy to commit fraudulent transfers, and constructive and actual fraudulent transfer, seeking money damages for the same in addition to claims for preferential and post-petition transfer and equitable subordination. Defendants request the District Court immediately withdraw the reference for the Adversary Proceeding pursuant to 28 U.S.C. section 157(d) on the grounds that: (1) state law non-core causes of action predominate this Adversary Proceeding; (2) the Defendants are entitled to a jury trial on these claims; and "cause" has been established for the immediate withdrawal of the reference. *See* *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F. 3d 999 (9th Cir. 1997).

**II.   BACKGROUND AND STATUS OF THE ADVERSARY PROCEEDING**

The Landing at Reid's Ranch Development, L.L.C. ("Landing") filed a voluntary petition commencing Chapter 11 bankruptcy proceedings on December 31, 2009. This bankruptcy case was assigned to the Hon. George B. Nielsen ("Judge Nielsen"). On April 8, 2011, Judge Nielsen entered an order converting the bankruptcy case to Chapter 7 and appointed David M. Reaves as the Chapter 7 Trustee.

On December 30, 2011, the Trustee filed the above described Adversary Complaint against the Defendants (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A. The Complaint asserts claims alleging violations of state law, including conversion, breach of fiduciary duty, conspiracy to commit fraudulent transfer, constructive and actual fraudulent transfer, as well as preferential and post-petition transfers and equitable subordination. Id. On February 17, 2012, Defendants filed Answers to the Complaint (the "Answers"). The Defendants have not asserted counterclaims against the Trustee or the bankruptcy estate and they have not filed proofs of claim. Defendants have a right to a jury trial on various state law causes of action asserted by the Trustee, and hereby request the same. Further, the Defendants do not consent to the Bankruptcy Court conducting the jury trial. This Adversary Proceeding is in the initial discovery and disclosure phase. Indeed, the Bankruptcy Court has not made any substantive rulings on the merits of the claims or issued a scheduling order.

Weston Ranch Development, L.L.C. ("Weston"), an affiliate of Landing, filed a voluntary petition commencing a Chapter 11 bankruptcy proceeding, 2:09-bk-33901, on December 31, 2009. This bankruptcy case was assigned to the Hon. Sarah Sharer Curley ("Judge Curley"). On April 8, 2011, Judge Curley entered an order converting the bankruptcy case to Chapter 7 and also appointed David M. Reaves as the Chapter 7 Trustee in this case.

On December 30, 2011, the Chapter 7 Trustee filed an Adversary Complaint case, 2:11-ap-02388, against the same Defendants in the Weston Adversary Complaint asserting similar state law non-core causes of action that predominate the Weston Adversary Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit B.  As with the Weston Adversary Proceeding, Defendants answered this Complaint, asserted no counterclaims against

the Trustee or the bankruptcy estate and have not filed any proofs of claim. Defendants in this Landing adversary proceeding have a right to a jury trial on various state law causes of action asserted in the Complaint, and request the same. The Defendants do not consent to the Bankruptcy Court conducting the jury trial. This Adversary Proceeding is also in the initial discovery and disclosure phase. A motion to withdraw the reference of the Weston Adversary Proceeding to District Court that is substantially similar in character to this Motion was filed on January 25, 2013. The Defendants are currently awaiting a case assignment from the District Court in the matter and will be upon receiving filing a motion to jointly hear both motions to withdraw reference together.

On November 12, 2012, the Debtor filed a Motion for Joint Administration of the Weston and Landing bankruptcy cases and this Motion was granted on December 4, 2012. Both the Weston and Landing bankruptcy cases, including the above described Adversary Proceedings are currently pending before Judge Curley. At this point, the Chapter 7 Trustee has not initiated any other activities other than adjudication of the claims against the Defendants. Further, should the Defendants' Motion (and the Defendants' concurrent Motion to Withdraw the Reference in the Weston adversary proceedings) be granted, they will move to consolidate these Adversary Proceedings in the District Court to preserve the efficient use of judicial resources and minimize delay and costs to the parties.

**III.   THE LAW**

    **A.   <u>The Bankruptcy Court Lacks Jurisdiction to Adjudicate the Trustee's Non-Core State Law Claims</u>**

The predominate claims asserted by the Chapter 7 Trustee in the Weston and Landing Adversary Complaints are based on non-core state law causes of action, including conversion, conspiracy, breach of fiduciary duty and constructive and actual fraudulent transfer. These

claims are not core bankruptcy matters within the meaning of 28 U.S.C. § 157(b)(2). *See* *In the Matter of Bellingham Ins. Agency, Inc.,* 2012 WL 601386 *6 (9th Cir. 2012) (fraudulent conveyance claims cannot be adjudicated by non-Article III bankruptcy judges because they do not fall within the "public rights" exception). These state law causes of action are instead, non-core "related to" matters within the meaning of 11 U.S.C. § 157(c)(1). *See* *Id*.; *See* *Stern v. Marshall*, 131 S. Ct. 2594 (2011)[1]. As a result, the bankruptcy court cannot enter a final order adjudicating the Chapter 7 Trustee's Adversary Complaints, but can only make proposed findings and conclusions reviewed de novo by the District Court. *See Id*; *See Stern v. Marshall*. Moreover, the Bankruptcy Court cannot conduct a jury trial unless all parties consent. 11 U.S.C. § 157(e); *Dunmore v. United States*, 358 F.3d 1107, 1117 (9th Cir. 2004).

B.  **Defendants Have A Right To A Jury Trial of the Non-Core State Law Claims**

The Defendants in the above captioned Adversary Proceedings filed by the Chapter 7 Trustee have a right to a jury trial in the District Court of the non-core state law claims based on the Seventh Amendment to the United States Constitution[2]. *See In re Transcon Lines*, 121 B.R. 837, 838 (C.D. Cal. 1990); *Dunmore v. United States*, supra; *See also Granfinanciera S.A. v.*

---

[1] A bankruptcy court has applied this same principle to preferential transfer claims. *See Arbco Capital Management* at 8-10 (holding that final judgment for preference claim must be entered by an Article III Court and concluding that "preferential transfer claims, where, as here, the preference defendant has filed no proof of claim against the bankruptcy estate, are matters of private right*"); In re Teleservices Group, Inc.*, 456 B.R. 318, 325 (Bankr. W.D. Mich. 2011) ("*Stern* and *Granfinanciera* now seem to hold that only an Article III court would be capable of entering the money judgment needed to recover [a] preference."); *Tabor v. Kelly* (*In re Davis*), 2011 WL 5429095, *11-12 (Bankr. W.D. Tenn. Oct. 5, 2011) ("[u]sing this test [from Stern], when a creditor who has not filed a proof of claim is sued by the bankruptcy trustee to recover a preferential transfer, it is a matter of private right, which, as we have seen, requires the exercise of the judicial power of the United States, a power that cannot be exercised by a non-Article III judge.").

[2] The Seventh Amendment of the United States Constitution provides "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . ."

*Nordberg,* 492 U.S. 33, 65 (1989) (A defendant in an adversary proceeding in a bankruptcy case to recover a fraudulent transfer is entitled to a jury trial provided that the defendant has not filed a claim against the bankruptcy estate); *Langenkamp v. Culp*, 498 U.S. 42 (1990). The Defendants assert their right to a jury trial in this case and do not consent to the Bankruptcy Court conducting a jury trial pursuant to 11 U.S.C. § 157(e).

### C.     Mandatory and Permissive Withdrawal Of The Reference

11 U.S.C. § 157(d) authorizes the district court to withdraw a bankruptcy case or proceeding referred under 11 U.S.C. § 157 on motion for cause shown. Where there is a right to a jury trial of a non-core matter, withdrawal of reference must occur prior to trial. *Dunmore v. United States*, 358 F.3d at 1117; *See also In re Transcon Lines*, 121 B.R. 837, 838 (C.D. Cal. 1990).

### D.     Factors For Withdrawal Of The Reference

Prior to commencement of any required jury trial, the Ninth Circuit set for the following factors for determining when to withdraw the reference pursuant to 28 U.S.C. § 157(d): "[T]he efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Judicial efficiency is enhanced and unnecessary costs are avoided by withdrawal of the reference where non-core issues predominate. Id. When defendants have a right to a jury trial based upon the Seventh Amendment, and the district court judge must eventually preside over the jury trial of the matter, it constitutes a waste of judicial resources to permit the bankruptcy judge to maintain jurisdiction over the issues presented in the litigation. *In re Transcon Lines*, 121 B.R. 837, 838 (C.D. Cal. 1990) (granting motion to withdraw reference to adversary proceeding

involving fraudulent transfer claims under Bankruptcy Code § 544 and state law).

### E. Cause For Immediate Withdrawal Of The Reference

In the present case, withdrawal of the reference is mandatory before commencement of the jury trial. As a result, application of the Security Farms factors provides "cause" for the immediate withdrawal of the reference. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, supra.*

The undisputed fact that non-core state law causes of action predominate the Chapter 7 Trustee's Adversary Complaint establishes the first two Security Farms factors in favor of withdrawal. The Court in *Security Farms* held that judicial efficiency is enhanced and unnecessary costs are avoided by withdrawal of the reference when non-core issues predominate. Id. The existence of the prospective jury trial also establishes the first two *Security Farms* factors of in favor of withdrawal. Furthermore, *In re Transcon Lines, supra*, the court noted that when defendants have a right to a jury trial based upon the Seventh Amendment, and the district court judge must eventually preside over the jury trial in the matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in the litigation. 121 B.R. at 838.

Discovery in these pending Adversary Proceedings is in its early stages. No depositions have been taken. The Bankruptcy Court has not entered a scheduling order. The Weston and Landing bankruptcy cases and these Adversary Proceedings are now jointly administered by Judge Curley. The Weston and Landing Adversary Complaints filed by the Chapter 7 Trustee assert the same non-core state law causes of action against the same Defendants. As a result, "cause" has been established for withdrawal of the reference of both the Weston and Landing Adversary Proceedings and they should be concurrently adjudicated by this District Court.

Defendants intend to seek the consolidation of these two Adversary Actions in District Court once withdrawal of the reference has been granted. Accordingly, withdrawal of the reference (and consolidation) will not result in duplication of judicial resources, cause delay or increase the cost to the parties. Rather, granting the Defendants' Motion to Withdraw the Reference will result in more efficient administration and adjudication of the pending Adversary Complaints.

Uniformity of bankruptcy administration is not a concern. The Chapter 7 Trustee is charged with liquidating the Debtors' bankruptcy estates. At this point, the primary asset[s] subject to liquidation are the pending Adversary Complaints filed by the Chapter 7 Trustee. Other than these pending actions, there are no other bankruptcy "estate" assets to be administered. *In re Diagnostics Int'l, Inc.*, 257 B.R. 511, 515 (Bankr. D. Ariz. 2000) (bankruptcy court's jurisdiction slowly diminishes as the bankruptcy is resolved). Moreover, the District Court, as opposed to the Bankruptcy Court, is better equipped to adjudicate the non-core state law causes of action that predominate in the Chapter 7 Trustee's Adversary Complaints. Those non-core causes of action are based primarily on state law rather than the Bankruptcy Code, and the Bankruptcy Court has no jurisdiction to resolve those non-core causes of action. On the contrary, the District Court is the only Article III court that is empowered to adjudicate the bankruptcy estate's state common law claims.

By filing this Motion to Withdraw the Reference, the Defendants are not forum shopping. The Chapter 7 Trustee's Adversary Proceedings are in their initial stages. The Bankruptcy Court has not made any substantive rulings. Judge Curley just received this case from Judge Nielsen a little over a month ago. Similarly, the companion Adversary Proceeding in the Weston bankruptcy case that had been before Judge Curley also not received any substantive rulings on the merits of the Chapter 7 Trustee's claims. The Chapter 7 Trustee's Adversary Complaints are

based predominantly on non-core state law causes of action. The fact is, only this Court has jurisdiction and the judicial experience to adjudicate the Trustee's common law claims against these Defendants. Because these Adversary Proceedings are in their infancy, judicial efficiency, reduction of costs and delay will be furthered by entry of an order withdrawing the reference of these Adversary Proceedings now.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court enter an order withdrawing the reference of the above captioned Adversary Proceedings and consolidating them for trial in the District Court.

RESPECTFULLY SUBMITTED this 6th day of February, 2013.

DIOGUARDI FLYNN, LLP

By /s/ John P. Flynn, Esq. (#015065)
    John P. Flynn, Esq.
    Peter J. Moolenaar, Esq.
    7001 North Scottsdale Road, Suite 2060
    Scottsdale, AZ 85253

LAW OFFICE OF MARK J. GIUNTA

By /s/ Mark J. Giunta, Esq. (#015079)
    Mark J. Giunta, Esq.
    245 West Roosevelt Street, Suite A
    Phoenix, AZ 85003

1  A Copy of the foregoing was electronically filed
   This 6th day of February, 2013 with the U.S. Bankruptcy Court.

2

3  COPY of the foregoing mailed (and/or served via
   fax* or e-mail** if so marked)  6th day of February, 2013, to:

4
   Shelton L. Freeman, Esq. *tfreeman@lawdmyl.com
5  L. Edward Humphrey, Esq. *ehumphrey@dmyl.com
   DeConcini McDonald Yetwin & Lacy, P.C.
6  6909 East Main Street
   Scottsdale, AZ 85251
7  *Attorneys for Weston Ranch Development, L.L.C.*

8  David M. Reaves *dreaves@reaves-law.com
   Chapter 7 Trustee
9  P.O. Box 44320
   Phoenix, AZ 85064
10

11 Robert P. Harris, Esq. *Robert.harris@quarles.com
   Quarles & Brady, LLP
12 Two North Central Avenue
   Phoenix, AZ 85004
13 *Attorney for Chapter 7 Trustee David Reaves*

14 United States Trustee
   230 North First Avenue, Suite 101
15 Phoenix, AZ  85003-1706

16 Liz Nguyen_____

17

18

19

20

21

22

23

24

25

- 11 -